UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| STEPHEN R. POOLE and CYNTHIA J. POOLE, <br> Plaintiffs, <br><br> v. <br><br> US BANK, AS TRUSTEE, ON BEHALF OF THE HOLDERS OF THE JPMORGAN MORTGATGE ACQUISION TRUST 2006 WMC-2 ASSET BACKED PASS-THROUGH CERTIFICATES, SERIES 2006 WMC-2, <br> Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) | **CIVIL ACTION** <br> **No. 21-40097-TSH** |

MEMORANDUM AND ORDER

HILLMAN, J.                                                                                              July 13, 2022

For the reasons set forth below, Plaintiffs' motions for leave to proceed *in forma pauperis* are **_granted_**, Plaintiff's motion to amend is **_denied_**; Defendant's motion to file a reply brief is **_granted_**, Defendant's motion to dismiss is **_granted_**, and Defendant's motion to enjoin Plaintiffs from filing additional claims or actions against Defendant without first obtaining leave of court is **_granted in part and denied in part_**.

**Background**

Plaintiffs Stephen R. Poole and Cynthia J. Poole ("Plaintiffs") initiated this action against U.S. Bank, as Trustee, on behalf of the holders of the JPMorgan Mortgage Acquisition Trust 2006 WMC-2 Asset Backed Pass-Through Certificates, Series 2006 WMC-2's ("Defendant" or the "Trust") by filing a *pro se* Petition for Declaratory Judgment and motion for leave to proceed *in forma pauperis*. (Docket Nos. 1, 3). Defendant moves to dismiss all claims pursuant to Rule 12(b)(6). (Docket No. 7).

Plaintiffs' original motion for leave to proceed *in forma pauperis* was denied without prejudice. (Docket No. 11). At that time, the Court ordered Plaintiffs to show cause in writing why Defendant's motion to dismiss should not be granted. (*Id.*). Plaintiff's filed renewed motions for leave to proceed *in forma pauperis*. (Docket Nos. 12, 18). At that time, Plaintiffs filed an opposition to Defendant's motion to dismiss. (Docket No. 13), Defendant subsequently filed a motion for leave to file a reply memorandum in support of its motion to dismiss. (Docket No. 17).

Defendant moves to have the Court enter an order enjoining Plaintiffs from filing additional claims or actions against Defendant without first obtaining leave of court. (Docket No. 14). Plaintiffs oppose this motion, (Docket No. 16) and have moved to amend (Docket No. 19). Defendant opposes Plaintiffs' motion to amend (Docket No. 20) and Plaintiffs' have filed a reply (Docket No. 21).

**Standard of Review**

In this case, the Court construes the Plaintiffs' pleadings liberally because they are filed *pro se*. *See Erickson v. Pardus*, 551 U.S. 89, 94, 127 S.Ct. 2197 (2007). "However, *pro se* status does not insulate a party from complying with procedural and substantive law." *Ahmed v. Rosenblatt*, 118 F.3d 886, 890 (1st Cir. 1997). Dismissal of a *pro se* complaint is appropriate when the complaint fails to state an actionable claim. *Muller v. Bedford VA Admin. Hosp.*, 2013 WL 702766, at *3 (D. Mass. Feb. 25, 2013) (citing *Overton v. Torruella*, 183 F. Supp. 2d 295, 303 (D. Mass. 2001)).

Defendant moves to dismiss the complaint for the Plaintiffs' "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To survive a Rule 12(b)(6) motion to dismiss, a complaint must allege "a plausible entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 559, 127 S.Ct. 1955 (2007). Although detailed factual allegations are not necessary

to survive a motion to dismiss, the standard "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 555, 127 S.Ct. 1955. "The relevant inquiry focuses on the reasonableness of the inference of liability that the plaintiff is asking the court to draw from the facts alleged in the complaint." *Ocasio-Hernandez v. Fortuno-Burset*, 640 F.3d 1, 13 (1st Cir. 2011).

In reviewing a motion to dismiss under Rule 12(b)(6), the Court must accept all well-pleaded facts as true and draw all reasonable factual inferences in favor of the plaintiff. *Langadinos v. American Airlines, Inc.*, 199 F.3d 68, 58 (1st Cir. 2020). It is a "context-specific task" to determine "whether a complaint states a plausible claim for relief," one that "requires the reviewing court to draw on its judicial experience and common sense." *Ashcroft v. Iqbal*, 556 U.S. 662, 679, 129 S.Ct. 1937 (2009)) (Internal citations omitted).

In its motion to dismiss, Defendant asserts that Plaintiffs' claims are barred by *res judicata* and judicial estoppel.  "Res judicata is an affirmative defense, but where, as here, the defendant[s] ha[ve] raised the question on a motion to dismiss, the plaintiff does not object to the procedure, and the court discerns no prejudice, the issue may be resolved on such a motion." *In re Sonus Networks, Inc. S'holder Derivative Litig.*, 499 F.3d 47, 56 (1st Cir. 2007) (internal citation omitted). "Dismissal under *res judicata*, however, can only occur where the facts that establish the defense are conclusive and definitively ascertainable from 1) the allegations of the complaint, 2) the documents (if any) incorporated therein, 3) matters of public record and 4) other matters of which the court may take judicial notice." *United States v. Raytheon Co.*, 334 F. Supp. 3d 519, 523 (D. Mass 2018) (citing *Colonial Mortgage Bankers*, 324 F.3d at 16).

"*Res judicata*" is a broad term, encompassing both claim and issue preclusion. *Taylor v. Sturgell*, 553 U.S. 880, 892 (2008). In this case, Defendant's motion to dismiss is premised on

3

claim preclusion, which "forecloses 'successive litigation of the very same claim, whether or not relitigation of the claim raises the same issues as the earlier suit.' " *Id.* (citing *New Hampshire v. Maine*, 532 U.S. 742, 748 (2001)). The doctrine serves two important functions: (1) "protecting litigants against gamesmanship and the added litigation costs of claim-splitting," and (2) "preventing scarce judicial resources from being squandered in unnecessary litigation." *Airframe Sys., Inc. v. Raytheon Co.*, 601 F.3d 9, 14 (1st Cir. 2010).

"Federal law principles of *res judicata* govern the preclusive effect of a prior federal court's judgment on a subsequent action brought in federal court." *Apparel Art Int'l, Inc. v. Amertex Enter. Ltd.*, 48 F.3d 576, 582 (1st Cir. 1995); *see also Mass. Sch. of L. at Andover, Inc. v. Am. Bar. Ass'n*, 142 F.3d 26, 37 (1st Cir. 1998). "A federal court is generally bound under *res judicata* to give the same preclusive effect to a state court judgment as would be given to it by a local court within that state." *FPL Energy Maine Hydro LLC v. F.E.R.C.*, 551 F.3d 58, 63 (1st Cir. 2008); *see also Cruz v. Melecio*, 204 F.3d 14, 18 (1st Cir. 2000) (the mandate found in the full faith and credit statute, 28 U.S.C. § 1738, requires federal courts to give the same preclusive effect to state court judgments that those judgments would be given in the courts of the State from which the judgments emerged).

Under federal law, claim preclusion applies when three factors are met: "(1) the earlier suit resulted in a final judgment on the merits, (2) the causes of action asserted in the earlier and later suits are sufficiently identical or related, and (3) the parties in the two suits are sufficiently identical or closely related." *Airframe Sys.*, 601 F.3d at 14.  Similarly, under Massachusetts law, *res judicata* requires the presence of three elements: "(1) the identity or privity of the parties to the present and prior actions; (2) the identity of the cause of action; and (3) prior final judgment on the merits." *Bui v. Ma*, 62 Mass. App. Ct. 553, 579 (2004) (citations omitted).  A plaintiff is precluded from

litigating not only those claims that were actually decided but those that could have been brought in that action. *Id.*

Judicial estoppel is an equitable doctrine that applies where a party's inconsistent prior contention was successful. *See New Hampshire v. Maine*, 532 U.S. 742, 749, 121 S.Ct. 1808 (2001); *Sexual Minorities Uganda v. Lively*, 899 F.3d 24, 32-33 (1st Cir. 2018). "Judicial estoppel is not to be applied by a court as a matter of course but, rather, is to be applied at the court's discretion." *Lively*, 899 F.3d at 32. "Judicial estoppel must be 'applied with caution to avoid impinging on the truth-seeking function of the court.'" *Id.* (citations omitted).

**Discussion**

As an initial matter, upon review of Plaintiffs' financial disclosures in their motions for leave to proceed *in forma pauperis*, the Court will permit Plaintiffs to proceed *in forma pauperis*.

Next, Plaintiffs' motion to amend to add a jury trial demand is denied because, as discussed below, Plaintiffs' claims in this action are precluded by the doctrine of *res judicata*.

Defendant asserts that Plaintiffs' claims in this action must fail as barred by *res judicata* arising from both the state court action *Poole, et al. v U.S. Bank. N.A.*, No. 1785CV01606 (the "2017 Litigation") and the federal court action *Poole, et al. v U.S. Bank. N.A.*, No. 19-11495-TSH (the "2019 Litigation"). Here, the Court agrees that the issues were previously litigated, or could have been raised, in both the 2017 Litigation and the 2019 Litigation.

In their Opposition, Plaintiffs state that they have no legal training and that a decision should be based on documents and facts. (Docket No. 13, at p. 1). Plaintiffs argue against claim preclusion stating that the 2017 Litigation was dismissed and that the Massachusetts Appeals Court "REMOVED that dismissal (2018-p-0085)." *Id.* at p. 2. Even so, the claim(s) in the instant action could have been raised in the earlier state or federal court actions.

For the reasons stated in Defendants' memorandum (Docket No. 8) in support of its motion to dismiss and Defendant's reply (Docket No. 17-1) in support of its motion to dismiss, the Court finds that Plaintiffs' claims are precluded. Because I find that Plaintiffs' claims are precluded, I need not reach the remaining ground for dismissal and decline to apply the principle of judicial estoppel. Defendant's motion to dismiss is granted, with prejudice.

**Plaintiffs are Enjoined from Filing Additional Claims or**
**Actions against Defendant Without First Obtaining Leave of the Court**

Defendant seeks to enjoin Plaintiffs from continued litigation in this court and has requested attorneys' fees and costs for having to defend against this "frivolous" action. "A district court has the power to enjoin litigants who abuse the court system by filing groundless and vexatious litigation." *Stefanik v. Town of Huntington*, 536 F. Supp. 2d 106, 114 (D. Mass. 2008) (citing *Elbery v. Louison*, 201 F.3d 427, 1999 WL 1295871, at *2 (1st Cir. 1999) (per curiam) (table decision)); *see also* 28 U.S.C. § 1651 (providing that courts may issue all writs necessary or appropriate in aid of their respective jurisdictions). The Court also has the power to sanction litigants who file pleadings, motions or other papers "for any improper purpose, such as to harass or to cause unnecessary delay or needlessly increase in the cost of litigation." *Simon v. Navon*, 71 F.3d 9, 17 (1st Cir. 1995) (citing Fed. R. Civ. P. 11). This determination is left to the Court's "considered judgment." *Id. Pro se* plaintiffs are subject to sanctions, but the Court must consider the state of the *pro se* party's sophistication and experience, or lack thereof, when determining the nature and severity of sanctions to be imposed. *See Lefebvre v. Commissioner*, 850 F.2d 417, 420-21 (1st Cir. 1987).

"Vexatious conduct occurs where a party's actions are 'frivolous, unreasonable, or without foundation' even without the presence of 'subjective bad faith.' " *Azbuko v. MBNA Am. Bank*, 396 F. Supp. 2d 1, 7 (D. Mass. 2005) (quoting *Local 285, Serv. Emps. Int'l Union v. Nonotuck Res.*

6

*Assocs., Inc.*, 64 F.3d 735, 737 (1st Cir. 1995)). "Courts in this circuit have repeatedly found that a plaintiff who files multiple frivolous and vexatious lawsuits arising out of the same or similar events can be enjoined from filing further lawsuits without leave." *Clemens v. Town of Scituate*, No. 13-cv-11598-FDS, 2014 WL 12792990, at *6 (D. Mass. June 16, 2014) (collecting cases). However, "[l]itigiousness alone will not support an injunction against a plaintiff." *Otis Elevator Co. v. Int'l Union of Elevator Constructors, Local 4*, 408 F.3d 1, 10 (1st Cir. 2005) (quoting *Pavilonis v. King*, 626 F.2d 1075, 1079 (1st Cir. 1980)).

In support of its motion, Defendant states that the Plaintiffs:

twice before litigated nearly identical claims arising from the Trust's chain of mortgage assignments and foreclosure. On both occasions, the Pooles' lawsuits were dismissed with prejudice. Twice, the Pooles appealed the dismissals and lost at the appellate level. The Pooles' continued litigation of this issue serves no other reason than to interpose delay and drive up the Trust's litigation costs.

(Docket No. 15, at 6-7).

Plaintiffs oppose Defendant's motion. (Docket No. 16). In their opposition, Plaintiffs seek to clarity "some factual Flaws" and contend that the motion contains "deceptive and untrue Statements [that Plaintiffs believe] were made willfully and purposely to mislead the Court." *Id.* at p. 1, 2. Plaintiffs state that they simply seek an "order that the judgment in Question be removed from the Worcester Registry of Deeds" and not "to pass judgment on the alleged Legal foreclosure." *Id.* at p. 2.

Plaintiffs mistakenly argue that "the doctrine of Res judicata has been effectively annulled" because of a pending appeal. *Id.* at p. 3. To the extent Plaintiffs argue that the Plaintiffs appeal of a final judgment is pending, such an appeal does not affect the judgment's finality for the purposes of *res judicata*. *Tausevich v. Bd. of Appeals of Stoughton*, 402 Mass. 146, 148-49, 521 N.E.2d 385,388 (1988) (suggesting that entry of a separate, appealable judgment dismissing an action

7

forecloses relitigation of an issue); *Eight Arlington Street, LLC v. Arlington Land Acquisition–99, LLC*, 22 Mass. L. Rptr. 733, 2007 WL 2367753, at *6–7 (Mass.Super.2007).

As outlined by Defendant, the Plaintiffs conduct rises above the level of litigiousness and qualifies as vexatious. Plaintiffs repeated filing of deficient pleadings concerning the chain of mortgage assignments on the foreclosure of the property located in Spencer, Massachusetts is an abuse of the process of this Court. The most effective way to limit this abuse is to enjoin Plaintiffs from filing further *pro se* complaints concerning these same facts without leave from the Court. The Court will not, at this time, require Plaintiffs to pay attorneys' fees, however, the Court will grant Defendant's request for an order enjoining Plaintiffs from filing additional claims or actions against Defendant without first obtaining leave of the Court. Plaintiffs are advised that failure to comply with the requirements outlined in this Memorandum and Order may result in additional sanctions.

## Conclusion

Based on the foregoing, it is hereby Ordered

1. Plaintiffs' motions (Docket Nos. 12, 18) for leave to proceed *in forma pauperis* are ***granted***;

2. Plaintiff's motion (Docket No. 19) to amend is ***denied***;

3. Defendant's motion (Docket No. 17) to file a reply brief is ***granted***;

4. Defendant's motion (Docket No. 7) to dismiss is ***granted***; and

5. Defendant's motion (Docket No. 14) to enjoin Plaintiffs from filing additional claims or actions against Defendant without first obtaining leave of court is ***granted in part and denied in part***. The motion is granted for the purpose of entering an order enjoining further filings without leave of the Court and denied in all other respects.

6. Stephen R. Poole and Cynthia J. Poole are hereby ***enjoined*** from filing further documents or lawsuits in this district arising the foreclosure of the real property located at 49 Wire Village Road, Spencer, Massachusetts or the Trust's chain of mortgage assignments without leave of the Court. If Stephen R. Poole or Cynthia J. Poole seek to file papers of this nature in this district, they must file a written petition seeking leave to do so. The petition must contain a copy of this Order, together with the papers sought to be filed, and a certification under oath that there is a good-faith basis for the filing. The Clerk of Court shall accept the documents, mark them received, and forward them, for action on the petition to a judge of this Court authorized to act on matters on the Miscellaneous Business Docket of the Court. Plaintiffs are not enjoined from effecting an appeal from this Order. A copy of this Order shall be distributed to the Clerk of Court.

SO ORDERED.

                                                       /s/ Timothy S. Hillman  
                                                     UNITED STATES DISTRICT JUDGE